By the Court,

Bronson, J.
Bail may surrender their principal in criminal, as well as in civil cases, and be discharged from their recognizance. (Hawk. P. C. b. 2, c. 15, § 3, Curwood’s ed. 2 Hale’s P. C. 124, ed. 1778. 1 Chit. Cr. L. 104, Phila. ed. 1819.) Although the plaintiff was a constable in this state, he was not acting in his official capacity in making the arrest in Virginia. He went there as the mere agent or deputy of the bail; and the statute against taking securities colore officii has nothing to do with the case.
The undertaking was not void as being against public policy. Chapman was not suffered to remain in Virginia for the purpose of enabling him to escape public justice; but because it was extremely inconvenient, both on account of his family and his business, to come to this state at that time. Under such circumstances he was allowed to go at large, on procuring security that he would appear in court at a subsequent day. The power of the bail was not used oppressively for the purpose of extorting *219 money from the principal; but for the sole purpose of securing an indemnity to the bail.
Although a mere agent or attorney cannot, in general, sue in his own name, yet where, as in this casé, there is an express promise in writing to the agent, and his acts are subsequently ratified by the principal, the action may be in the name of the agent.(a) To hold otherwise would be to declare the contract nugatory, except where it was in the form of negotiable paper which could be transferred to the principal so as to enable him to sue in his own name. Gunn v. Cantine, (10 John. R. 387,) on which the defendant relies, was upon an implied promise; and it was admitted in that case that the attorney might have sued in his own name, if there had been an express promise to pay the money to him.
If we do not look beyond the agent to whom the promise was made, the contract will be void for want of consideration. But although the contract was made with the agent, it was intended for the benefit of Lee. He has since ratified the agreement, and is now suing in the name of the agent, but for his own benefit. As between Chapman and Lee, there was a sufficient consideration for the promise. The law will imply an obligation on the part of the principal to indemnify his bail. That was a good consideration for this undertaking.
Lee claimed to recover nothing on the note beyond an indemnity against his necessary expenses as bail, and to that sum I think he was well entitled.
New trial denied.

 See on this subject, Story on Agency, 401, et seq.